[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING APPLICATION TO VACATE AND APPLICATION TO CONFIRM ARBITRATION AWARD
Pursuant to Conn. Gen. Stat. 52-418 plaintiff National Grange Mutual Insurance brings an application to vacate an award of uninsured motorist (UM) benefits granted to its insured, Ralph Carloni, the claimant herein. Mr. Carloni was injured as a result of an automobile collision on August 8, 1989 caused by a Ms. Jubencia Sarapocielo. According to evidence presented during the arbitration, the insurance coverage for Ms. Sarapocielo's vehicle had been cancelled by the Travelers Insurance Company prior to the accident due to non-payment of premium.
For the arbitration, the parties stipulated to the following: CT Page 447
 1) That the claim is an uninsured motorist claim:
 2) That the National Grange Mutual Insurance Company had an uninsured motorist coverage amount of $600,000 available to the claimant; and
 3) That the National Grange Mutual Insurance Company was entitled to a credit of $40,154.23 from any award (relative to payments made to the claimant by a health insurance policy.
The issue submitted to arbitration essentially was one of value. On April 22, 1992, the arbitrators, by a two (2) to one (1) ruling made the following award, memorialized in its decision dated April 23, 1992.
 A majority of arbitrators finds the gross value of the permanent injuries sustained by the claimant is Five Hundred Sixty Five Thousand One Hundred Fifty Four Dollars and 23/100 (565,154.23) minus the credit of $40,154.23, as stipulated between the parties, leaving a net award in favor of the claimant in the amount of Five Hundred Twenty Five Thousand Dollars and 00/100 ($525,000.00).
A dissenting award as to value was issued by the third arbitrator.
In its application to vacate arbitration award, filed on May 14, 1992, and amended on June 3, 1992, National Grange Mutual Insurance Company contends (1) that the arbitrators refused to hear evidence material to deciding whether the tortfeasor's vehicle was covered by insurance at the time of the accident: (2) that claimant Carloni's counsel had a direct conversation with an arbitrator on the eve of the arbitration; and (3) that the decision was based on speculation and not supported by the record.
Shortly after the arbitration award was issued, the CT Page 448 chairman of the arbitration panel was asked to re-open the arbitration hearing to consider evidence suggesting that the Travelers Insurance policy on the tortfeasor's vehicle was in fact in effect on the date of the accident. The chairman denied the request to re-open.
Pursuant to Conn. Gen. Stat. 52-417 defendant Ralph Carloni has filed a motion to confirm the arbitration award. In his motion defendant Carloni asserts (1) that evidence adduced at the arbitration hearing, including the stipulation of the parties and other evidence of the tortfeasor's uninsured status, amply supports the arbitration award; and (2) that since there is no evidence of impropriety involving the arbitrators, the award should be confirmed. Defendant Carloni seeks interest on the award.
This court conducted a hearing and received testimony, as well as documentary evidence relative to both motions. This court has reviewed such evidence within the context of the motion to vacate and the motion to confirm the award. In addition, the court has reviewed the record of the proceedings of the arbitration panel.
The standard and scope of the arbitral decision in this compulsory arbitration case have been articulated by our Supreme Court. The ". . . reviewing court must conduct a de novo review of the interpretation and application of the law of the arbitrators." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 191 (1987). Furthermore, the reviewing court must apply the substantial evidence test to factual findings of the arbitrators of UM decisions. Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 662-663 (1991).
After reviewing the evidence and record within the guidelines of the aforesaid standards, this court finds no error of law, and that there is substantial evidence to support the award of the arbitrators. Furthermore, this court finds that the award is not the product of fraud, corruption, partiality or other misconduct, and that the arbitrators did not exceed their powers. Regarding the request to re-open the arbitration to submit some evidence of insurance, the court finds that the denial of reopening was not an abuse of the arbitrator's powers. see LaTeano v. Aetna Life Casualty Co., 7 CSCR 834 (1990).
For the foregoing reasons this court denies the motion CT Page 449 to vacate and grants the motion to confirm the arbitration award. Pursuant to Conn. Gen. Stat 37-3a, interest at the rate of ten percent is awarded by this court from the date of the arbitration award.
Clarance J. Jones Judge